IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02506-MSK

ERNEST HANEY,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security

        Defendant.
_____

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Attorney's Fees **(# 19)**, the Defendant's response **(# 23)**, and the Plaintiff's reply **(# 25)**.

Familiarity with the underlying issues in this matter and the Court's oral ruling **(# 16)** are assumed. The Plaintiff seeks a total of $ 4,142.92 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(a). The sole issue presented is whether the Defendant's litigation position was not substantially justified.[1] A party's litigation position is "substantially justified" for purposes of the EAJA where it is "justified to a degree that could satisfy a reasonable person," that is, having a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

---

[1] The Plaintiff's initial motion did not affirmatively assert that the Defendant's position was not substantially justified, and thus, failed to satisfy a pleading requirement of an EAJA application. 28 U.S.C. § 2412(d)(1)(B) ("The party shall also allege that the position of the United States was not substantially justified"). However, the Defendant does not complain that the Plaintiff's motion is insufficiently pled, and in any event, the Plaintiff could amend the motion to add this assertion. *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004).

Here, the Court finds that the Defendant's position was not substantially justified. Although the Defendant may have been reasonable in opposing the Plaintiff's claims at the administrative level, once the Plaintiff produced additional evidence revealing that the Administrative Law Judge's assumption that certain treatment notes had been written by Dr. Darton was incorrect, the Defendant's refusal thereafter to stipulate to a remand of the case to allow the Administrative Law Judge to reconsider his decision was no longer reasonable. It is clear that the Administrative Law Judge's misunderstanding as to the authorship of the notes contributed, in part, to his decision to refuse to give weight to Dr. Darton's opinions.

Accordingly, the Plaintiff's Motion for Attorney's Fees **(# 19)** is **GRANTED**. The Judgment **(# 17)** is **DEEMED AMENDED** to award the Plaintiff attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(a) in the amount of $ 4,142.92.

Dated this 18th day of May, 2007

                                             **BY THE COURT:**

                                             *Marcia S. Krieger* (signature)

                                             Marcia S. Krieger
                                             United States District Judge